IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JORDAN L. RAUCH,

    Petitioner,

v.                                                        Case No. 2:20-cv-00124

WEST VIRGINIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION and
BETSY JIVIDEN, Commissioner of Corrections,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDATION

On February 12, 2020, Petitioner, an inmate presently incarcerated at the Mount Olive Correctional Complex and Jail in Mount Olive, West Virginia, filed a Complaint (ECF No. 2), which the undersigned construes as a Petition for a Writ of Mandamus, and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PETITION

The Complaint/Petition document alleges that the West Virginia Division of Corrections and Rehabilitation ("WVDCR") has over 514 vehicles in its fleet, which Petitioner believes is excessive. Petitioner demands that the WVDCR should sell off some of the vehicle inventory and place the proceeds from such sales into the State's

Inmate Benefit Fund ("IBF"). Thus, Petitioner essentially seeks mandamus relief against a state agency or official, which this court lacks jurisdiction to grant, and the Complaint/Petition otherwise fails to state any claim upon which relief can be granted by this court.

## STANDARD OF REVIEW

The court is obliged to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the petitioner. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Med. Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is seeking to proceed *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79.

## ANALYSIS

Title 28, United States Code, Section 1361, provides as follows:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff. [Emphasis added.]

28 U.S.C. § 1361. A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central S.C. Chapter, Soc'y of Prof'l Journalists, Sigma Delta Chi v. United States Dist. Ct. for the Dist. of S.C.*, 551 F.2d 559, 562 (4th Cir. 1977).

Petitioner is asking a federal court to order a state agency or official to act in a particular manner under state law; thus, he essentially seeks mandamus relief. A federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner, if any such duty is even owed herein. Otherwise, Petitioner fails to identify or sufficiently state any jurisdictional basis for his claim that is plausibly actionable in federal court.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** this United States District Court lacks subject matter jurisdiction to issue a writ of mandamus directed to the WVDCR or Betsy Jividen and that the Complaint/Petition otherwise fails to state a plausible claim upon which relief can be granted. For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Complaint/Petition under Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, and

**DENY** his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), but waive payment of the applicable filing fee.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

September 11, 2020

Dwane L. Tinsley
United States Magistrate Judge